6/29/2022 3:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65900664
By: Wanda Chambers
Filed: 6/29/2022 3:45 PM

## 2022-39159 / Court: 152

**CAUSE NO. _____**

*Exhibit "C"*

| | | |
|---|---|---|
| **JENNIFER VEGA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **GATEWAY FIRST BANK  D/B/A** | § | |
| **GATEWAY MORTGAGE** | § | |
| | § | **\_\_\_\_\_ JUDICIAL DISTRICT COURT** |

### PLAINTIFF'S ORIGINAL PETITION AND VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Jennifer Vega, and brings this action against Defendant, GATEWAY FIRST BANK, and alleges, the following facts and causes of action:

### FACTS

1.      Plaintiff, Jennifer Vega, is the owner of the Subject Property, which is located at **1868 Bimini Way, Seabrook, Texas, 77586, Harris County.** The legal description is as follows:

> **LOT 18, IN BOCK 3 OF MIRAMAR, SECTION ONE (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 87, PAGE 35 OF THE MAP AND/OR PLAT RECORDS OF HARRIS COUNTY, TEXAS.**

2.      Defendant, **GATEWAY FIRST BANK D/B/A GATEWAY MORTGAGE** claims to be the current Mortgagee and/or Servicer of a note secured by a Deed of Trust dated September 14, 2018, filed in the Harris County Real Property Records as instrument number RP-2018-426479.

3.      A dispute exists between the parties as to the terms and conditions of the note as well as to the Defendant's right to pursue a Substitute Trustee's Sale, scheduled for July 4,

1

2022. Specifically, the Plaintiff disputes the Defendant's claim that the Plaintiff has defaulted on the subject Deed of Trust, and Plaintiff disputes that the Defendant is entitled to seek foreclosure, because, among other things, the Defendant failed to give sufficient legal notice.

4.      On or about June 13, 2022, the Defendant, filed the attached Notice of Substitute Trustee Sale. See Exhibit A. It is important to note that, prior to sending this notice, the Defendant did not provide a notice of default, and did not give the Plaintiff an opportunity to cure before accelerating the note and scheduling the subject property for a trustee sale. See attached affidavit. Because no notice of default was provided, the Plaintiff has not had sufficient opportunity to explore other option that may be available, such as assistance, loan modification, or even a sale of the residence. Nevertheless, the Defendant has not provided a notice of default, as required by Sec. 51.002(d) of the Texas Property Code.

5.      Additionally, the Plaintiff, Jennifer Vega, never received the Notice of Trustee by regular or certified mail. See Affidavit. Ms. Vega only learned that her home was in foreclosure from secondhand communications from real estate investors contacting her. Ms. Vega is sill in shock, being recently separated from her husband, and having no knowledge that she could lose her home until only a week ago.

6.      Plaintiff files this Application in this court seeking a Temporary Restraining Order, enjoining Defendant from proceeding with said sale. The Plaintiff will suffer irreparable harm if the Defendant conducts the Foreclosure Sale on July 5, 2022, and the Plaintiff will have no adequate remedy at law, despite the fact that the sale would be wrongful due to the lack of notice to the Plaintiff.

## PARTIES

7.      Plaintiff, Jennifer Vega, is an individual residing in Harris County, Texas.

8.      Defendant, Gateway First Bank d/b/a Gateway Mortgage, is a Foreign Financial Institution doing business in Texas that may be served by certified mail to its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 USA

## DISCOVERY

9.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff states that discovery is to be conducted under Rule 190.3, Level 2 Discovery.

## JURISDICTION AND VENUE

10.     This Court has Jurisdiction over the subject matter and parties.

11.     Venue is proper in Harris County because the case concerns real property located in Harris County and the actions and omissions occurred in Harris County as well.

## CAUSES OF ACTION ASSERTED

### No Notice of Default/Defective Notice of Acceleration/Defective Deed of Trust

12.     The holder of a note must give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890,893 (Tex. 1991). If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. *Id.* A proper notice of default must give the borrower notice that the alleged delinquency must be cured within 20 days, or else the loan will be accelerated, and the property will go to foreclosure. *Id.* Prior to a foreclosure action, the noteholder is also required to give the homeowner a clear and unequivocal

3

acceleration notice, at least 21 days prior to the foreclosure sale date. *Ogden v. Gilbraltar Sav. Ass'n*, 640 S.W.2d 232,233 (Tex. 1982) Thus, effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration. *Id.* It is well established that an acceleration can be abandoned Abandonment can occur either expressly through a clear repudiation of the right, or impliedly through conduct inconsistent with a claim to the right. *NSL Prop. Holdings, LLC v. Nationstar Mortg. LLC,* No. 02-16-00397-CV, 2017 Tex. App. LEXIS 7887, 2017 WL 3526354, at *5 (Tex. App.—Fort Worth Aug. 17, 2017, *pet. denied)* (mem. op.). When acceleration is abandoned, the contract is restored to its original condition, including restoring the loan's original maturity date and resetting the statute of limitations. *Id.*

13.     Pursuant to Tex. Prop. Code Ann. § 51.002(d), a timely notice of default and demand is a necessary condition precedent for an effectiveness notice of foreclosure under Tex. Prop. Code Ann. § 51.002(b). *Mills v. Haggard*, 58 S.W.3d 164 (Tex. App. Waco , 2001, *no pet.*). The failure to send a notice to cure has even been grounds to set aside a foreclosure. *See Id.*

14.     In this present case, the Defendant did not provide the required notice of default to give the Plaintiff an opportunity to cure.  Even if the Defendant had sent the statutorily required notice, pursuant to Section 51.002(d) (which the Defendant failed to do), the Defendant also did not timely mail a notice of trustee sale to the Plaintiff.

15.     Due to the dispute over the alleged default and the Defendant's failure to provide sufficient notice for the pending foreclosure, the Plaintiff files a declaratory judgment lawsuit and seeks injunctive relief to avoid irreparable harm.

16.     Finally, even the Defendant had provided the Plaintiff with the required notices, a more fundamental problem prevents the Defendant from foreclosing. The Defendant's subsequent communications to the Plaintiff and offers to various options to avoid foreclosure have created

4

uncertainty in the least, and have indicated an intention to abandon the acceleration of the note and notice of trustee sale.

17.     Notwithstanding the above, the Plaintiff currently has the subject property listed for sale and intends to satisfy the debt, if any, which is owed to the Defendant, assuming that the Defendant is indeed the current holder of the note as claimed. But to do this, the Plaintiff will need a payoff statement. Because the Defendant never provided the Plaintiff with a notice of default, the Plaintiff is unable to determine the amount that the Defendant alleges to be owed.

## Declaratory Judgment

18.     Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff respectfully requests that this Court issue a declaratory judgment specifying Plaintiff and Defendant's rights and duties in connection with the Deed of Trust and the underlying Note.

19.     Specifically, a controversy exists as to the balance and enforceability of the power of sale in the deed of trust.

20.     Additionally, Defendant did not follow the proper procedure pursuant to the Deed of Trust (and the Texas Property Code). Defendant's compliance (or lack thereof) will determine whether Defendant has the authority to foreclose. As stated above, the Defendant failed to mail Plaintiff the statutorily required 1) notice of default, and 2) notice of acceleration and notice of trustee sale.

## Temporary and Permanent Injunction

21.     Plaintiff seeks an injunction requiring Defendant, or any person or entity acting in concert with them, including but not limited to its attorneys, agents, servants, servicers, trustees, employees, successors, heirs and assigns, to desist and refrain from:

    a.  entering and taking possession of the Property or otherwise interfering with Plaintiff's right to the quiet enjoyment and use of the Property;

    b.   proceeding with or attempting to sell or foreclose upon the Property; and

    c.   attempting to purchase, transfer, assign or collect on the Mortgage.

    d.   charging Plaintiff's account for attorney's fees in connection with this action.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

22.    Plaintiff hereby incorporates by reference and re-alleges all material allegations of facts set forth above as if fully set forth herein.

23.    Pursuant to Rule 680 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks immediate relief in the form of a temporary restraining order to preserve the status quo. Specifically, Plaintiff seeks a temporary restraining order and temporary injunction to prohibit the Defendant and/or any of its agents, employees or attorneys, servicing companies, or trustees, from foreclosing upon the property. A temporary restraining order is sought to enjoin the Defendant for a period of at least 14 days until a temporary injunction hearing is held by this court concerning whether Plaintiff has a probable right of recovery for their various claims and causes of action pled herein. There presently exists an imminent threat of irreparable harm to Plaintiff in the form of the Defendant and their agents' stated intent to complete a foreclosure sale and divest Plaintiff of their ownership interest in the property, unless the court immediately restraints such acts or conduct as requested herein.

24.    Plaintiff's application for a Temporary Restraining Order is authorized by Texas Civil Practice and Remedies Code §65.011 because irreparable injury to real property is threatened, irrespective of any remedy at law.

25.    Moreover, after issuance of a temporary restraining order, and upon notice and a hearing as required by law, Plaintiff further seeks entry of the temporary injunction to maintain

the status quo and prohibit the Defendant and their agents from foreclosing or attempting to

foreclose on Plaintiff's property until the merits of the various claims and causes of actions as

pled herein can be fairly and fully adjudicated.

## **CONDITIONS PRECEDENT**

26. Plaintiff asserts that all conditions precedent have occurred or been waived.

## **PRAYER**

27. WHEREFORE,  Plaintiff prays that Defendant be cited to appear and answer, and the

following order be entered:

    a.  a declaratory judgment that declares that Defendant does not have the power of sale pursuant to the Deed of Trust.

    b.  A declaration setting forth the amount, if any, that the Plaintiff owes pursuant to the note.

    c.  A temporary and permanent injunction enjoining Defendant, or anyone acting on Defendant's behalf from: (1) entering, taking possession of the Property or otherwise interfering with Plaintiff's right to the quiet enjoyment and use of the Property; (2) proceeding with or attempting to sell or foreclose upon the Property; (3) attempting to purchase, transfer, assign or collect on the Mortgage; and (4) charging Plaintiff's account for attorney's fees in connection with this action.

    d.  All the other relief to which Plaintiff is entitled.

Respectfully submitted,

MEDEARIS LAW FIRM, PLLC

By: _____

DAVID M. MEDEARIS, TBA #24041465
1560 W Bay Area Blvd., Suite 304
Friendswood Texas 77546
dmedearis@medearislaw.com
Tel 281-954-6270 | Fax 281-954-6280
**ATTORNEY FOR PLAINTIFF,**
**JENNIFER VEGA**

CAUSE NO. _____

| | | |
|---|---|---|
| JENNIFER VEGA | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| GATEWAY MORTGAGE, A DIVISION | § | _____ JUDCIAL DISTRCIT |
| OF GATEWAY FIRST BANK | § | |
| | § | |

## **AFFIDAVIT OF PLAINTIFF**
### **JENNIFER VEGA**

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant, JENNIFER VEGA, who, being by me duly sworn on oath stated:

"My name is JENNIFER VEGA. The facts stated in this affidavit are true and correct and within my personal knowledge.

1) I am the owner of the real property located at 1868 Bimini Way, Seabrook 77586, which I purchased in September of 2018 and this property is my homestead.

2) GATEWAY MORTGAGE, A DIVISION OF GATEWAY FIRST BANK is the current mortgagee and servicer of a mortgage I took out for the original amount of $182,360.

3) I learned only a week ago that my home was apparently in foreclose with a trustee sale scheduled on July 5, 2022. I only learned of this second hand, from real estate investors contacting me asking to purchase my house before the foreclosure date.

4) I am still in shock, being recently separated from my husband, and I did not know that I was in danger of losing my home.

5) Given my recent separation, my husband and I have agreed to sell our home.

6) This is my first time to seek a temporary restraining Order. I ask the Court to grant this Order so I can avoid the irreparable harm of losing my home unexpectedly.

7) My intention is to sale the property.

By: _____
JENNIFER VEGA

1

BEFORE ME, the undersigned authority, on this day personally appeared JENNIFER VEGA, known to me to be the person whose name is subscribed to the forgoing instrument, who after being by me duly sworn acknowledged that the statements contained above are true and correct, that he executed same for the purposes and consideration therein expressed.

SIGNED under oath before me on the 28th day of June, 2022.

ALEXA RIVERA
My Notary ID # 131134324
Expires May 17, 2025

NOTARY SIGNATURE

2

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexa Rivera on behalf of David Medearis
Bar No. 24041465
arivera@medearislaw.com
Envelope ID: 65900664
Status as of 6/29/2022 3:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alexa NRivera | | arivera@medearislaw.com | 6/29/2022 3:45:31 PM | SENT |
| David MMedearis | | dmedearis@medearislaw.com | 6/29/2022 3:45:31 PM | SENT |
| Mindi Campbell | | mcampbell@medearislaw.com | 6/29/2022 3:45:31 PM | SENT |